**Gilbert R. X. HALL**

v.

**Thomas R. ASHER, President of A. C. L. U., Md. et al.**

**Civ. No. 72-917-K.**

United States District Court,
D. Maryland.

Feb. 26, 1973.

Gilbert R. X. Hall, pro. se.

John Henry Lewin, Jr., Baltimore, Md., for defendants other than defendant Elsbeth L. Bothe.

Francis B. Burch, Atty. Gen., of Maryland, John P. Stafford, Jr., and Emory Alvin Plitt, Jr., Asst. Attys. Gen., of Md., for defendant Elsbeth L. Bothe.

FRANK A. KAUFMAN, District Judge.

Plaintiff,[1] confined in the Patuxent Institution at the time of the institution of this proceeding and until December 22, 1972, has sued *pro se* Thomas R. Asher, President of the American Civil Liberties Union (Md.) (hereinafter A. C.L.U.), Jack L. Levin, Vice-President of A.C.L.U., Edgar L. Feingold, Vice President of A.C.L.U., Elsbeth L. Bothe, Counsel for A.C.L.U., and John C. Roemer, III, Executive Director of A.C.L.U., under 42 U.S.C. § 1983 seeking damages and other appropriate relief. Jurisdiction is alleged to exist under 28 U.S.C. § 1343(3).

Plaintiff has in substance alleged in his unverified complaint that as far back as March, 1969, when he requested legal assistance from the A.C.L.U., he was told to contact the Legal Aid Prison Project; that on March 13, 1969 and on January 6, 1972, he received letters signed, respectively, by Constance Tredwell,[2] Administrative Assistant, and by defendant Roemer, in which plaintiff was advised to contact the Legal Aid Prison Project; and that the reason the A.C.L.U. refused him legal assistance was because Elsbeth L. Bothe, an A.C.

---

1. Plaintiff has instituted nine cases including this one in this Court since December 13, 1967. In one of them, namely, Civil No. 72-60-K, Hall has seemingly raised a general complaint of denial of legal assistance.

2. A letter in the official court file dated October 12, 1972 from John Henry Lewin, Jr., Esq. addressed to this Court indicates that in December, 1969, Tredwell left her position of Acting Executive Director of the A.C.L.U. and left the State of Maryland at that time.

L.U. member, was a member of the Board of Patuxent Institution. Plaintiff contends that such arbitrary refusal of the A.C.L.U. to render legal aid to him and to other Patuxent inmates violated his constitutional rights under Section 1983. Plaintiff seeks millions of dollars of compensatory and punitive damages against defendants.

All of defendants have answered the complaint admitting that "[p]laintiff wrote to the A.C.L.U. of Maryland on two occasions; that Constance Tredwell responded to the first letter on or about March 13, 1969; that Defendant John Roemer, III responded to the second letter on or about January 6, 1972, and suggested that Plaintiff should seek the assistance of Legal Aid in connection with Plaintiff's complaint that he might be placed in isolation . . . . " Defendants, *inter alia,* have pled limitations to all or part of plaintiff's allegations. In addition, Defendant Bothe has moved to dismiss the complaint or in the alternative for summary judgment on a number of grounds, including *inter alia,* limitations. In support of her motion, defendant Bothe has submitted an affidavit stating that she was formerly a member of the Institutional Board of Review of the Patuxent Institution as well as of its Advisory Board for Defective Delinquents but that she resigned from both of these boards as of January 1, 1972; that she had no knowledge of any request of the plaintiff to the A.C.L.U. to assist him in any matter until the complaint in this case was served upon her; that she is not now and has never been a member of the staff of the Patuxent Institution; that she has never personally or in any other way attempted to prevent or interfere with any consideration being given by the A.C.L.U. to any cause being espoused by any patient or inmate of the Patuxent Institution by reason of her membership on the aforesaid boards; and that she at no time personally or in any other way attempted to influence, protect, or otherwise control the action of any of the staff members at Patuxent Institution by reason of her membership in the A.C.L.U.

All of the defendants including defendant Bothe have also filed a motion for summary judgment based upon the supporting affidavit of defendant Roemer. Therein, Roemer has stated that as Executive Director of the A.C.L.U. his office receives about 5,000 requests for legal assistance each year; that requests which appear to him to raise substantial constitutional issues are referred by him to A.C.L.U.'s legal panel for possible action; that he responds to all other requests but declines to offer assistance; that a letter from plaintiff dated December 18, 1971 came to his attention concerning a complaint that plaintiff had been incarcerated on the basis of perjured testimony; and that because in his opinion the complaint did not raise the kind of issue with which the A.C.L.U. should concern itself, but rather concerned an issue which the Legal Aid Prison Project might be willing to investigate, he wrote plaintiff on January 6, 1972 advising him to contact the Legal Aid Prison Project for assistance. Roemer has further affied that neither defendant Bothe nor any other named defendant was shown or consulted by him concerning either of said letters; that in writing the letter of January 6, 1972 to plaintiff he acted independently of any other person connected with the A.C.L.U.; and that his response declining assistance was made solely for the reasons alluded to hereinabove. Additionally, in his affidavit, Roemer has denied all of plaintiff's allegations which appear to imply that the A.C.L.U. avoided handling Patuxent complaints while providing assistance in connection with inmate complaints from other state prison institutions, and has stated that the A.C.L.U. unsuccessfully attempted to participate in a lawsuit against Patuxent and on several occasions offered assistance to the Legal Aid Bureau in the prosecution of constitutional challenges against Patuxent. Xerox copies of all

correspondence between plaintiff and the A.C.L.U.[3] are attached to and made a part of Roemer's affidavit. Roemer has affied that neither he nor any of defendants was ever aware of or was consulted in connection with any of the correspondence involving plaintiff and A.C.L.U., except for his own part with regard to the aforementioned plaintiff's December 18, 1971 letter and Roemer's January 6, 1972 reply.

Plaintiff has filed no response to any of the documents filed herein by defendants.

Construing plaintiff's *pro se* complaint with utmost liberality, it appears that, in addition to alleging a 1983 suit, plaintiff has possibly alleged a claim under 42 U.S.C. § 1985(3)[4] on the theory that defendants conspired to deny to him and to other Patuxent inmates equal protection of the laws by their refusal to provide to plaintiff and to such other inmates legal assistance, which refusal was motivated by an invidious, discriminatory, class-based animus.[5] Plaintiff's ostensible Section 1983 and Section 1985(3) claims arise from the A.C.L.U.'s alleged refusal to handle his complaints.

■ All of the letters written by Hall to the A.C.L.U., or by the latter to Hall, were written and mailed prior to September 11, 1969 except for Hall's December 18, 1971 letter and Roemer's January 6, 1972 response. This suit was instituted on September 11, 1972. There is no federal statute of limitations. Accordingly, the applicable limitations period herein is the three-year analogous Maryland period. *Cf.* McIver v. Russell, 264 F.Supp. 22 (D.Md.1967), dealing with Section 1983 but equally applicable to Section 1985,[6] and cases cited and discussed therein. Thus, Hall's complaints herein, except with regard to the December, 1971–January, 1972 interchange, are barred herein by limitations.

■ Further, in any event, plaintiff's Section 1983 claims against all defendants except Elsbeth Bothe must be dismissed for failure to allege, or to indicate any basis for suggesting, that any of them (other than defendant Bothe) acted "under color of any statute, ordinance, regulation, custom, or usage of any State" in refusing to provide plaintiff with legal assistance.[7] None of the defendants other than Bothe acted in any way connected with the complaint herein as governmental officials or otherwise. As to the defendant Bothe it is not necessary for this Court to decide herein whether plaintiff has alleged a Section 1983 claim against her because

---

3. Such of those letters as are written by plaintiff are dated June 28, 1968, July 3, 1968, June 6, 1969 and December 18, 1971. One other of plaintiff's letters is undated but was received by the A.C.L.U. on March 10, 1969. Three responses by the A.C.L.U. are dated October 14, 1968, March 13, 1969 and January 6, 1972.

4. This Court has jurisdiction over Section 1985(3) claims under 28 U.S.C. § 1343(1).

5. *See* Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Hughes, et al. v. Ranger Fuel Corp., et al., 467 F.2d 6 (4th Cir., 1972).

6. Although Section 1985 applies to private conspiracies and is not limited to actions taken under color of state law, and plaintiff's 1983 claim is based upon an equal protection theory and not a due process theory, as was the case in McIver v. Russell, *supra*, and 1985 may relate to the Thirteenth Amendment and/or the Fourteenth Amendment whereas 1983 only relates to the Fourteenth Amendment, Griffin v. Breckenridge, *supra*, this Court nevertheless believes that not only plaintiff's 1983, but also plaintiff's 1985, claims are most nearly analogous to those based upon a violation of Article 23 of the Maryland Declaration of Rights and thus a three-year limitations period applies under 5B Md.Ann.Code art. 57, § 1 (1972 Replacement Vol.).

7. *See* Adickes v. Kress & Co., 398 U.S. 144, 161–173, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), for a discussion of the outer limits of state action for purposes of Section 1983. Defendants Asher, Levin and Feingold are nowhere mentioned in plaintiff's complaint except in its heading.

the summary judgment record in this case undisputedly compels the conclusion that defendant Bothe in no way, directly, indirectly, or otherwise, acted in any way "under color of any statue, ordinance, custom or usage of any State", or otherwise, in connection with the A.C.L.U. decision not to give plaintiff legal assistance. In that connection, it is to be noted that defendant Bothe was not a member of the two aforementioned Patuxent boards when defendant Roemer wrote his reply letter on January 6, 1972.

█ It is also unnecessary to decide herein whether plaintiff has alleged a Section 1985(3) claim against one or more of defendants because, once again, the summary judgment record in this case undisputedly establishes that none of defendants were motivated by any "racial, or perhaps otherwise class-based, invidiously discriminatory animus"[8] in connection with the decision not to arrange A.C.L.U. legal aid in response to plaintiff's various letters. No defendant other than defendant Roemer took part in those decisions and there is no basis upon the record in this case to accept any conclusory allegation, express or implied, by plaintiff that defendant Roemer was so improperly motivated. Roemer's affidavit with regard to the December, 1971–January, 1972 interchange is based on his own personal knowledge. While the same is not true with regard to any of the other correspondence, nothing in the record supports any allegation of discriminatory action of any kind by the A.C.L.U. toward Hall or any other Patuxent inmate. And further, as is stated hereinabove, all of that correspondence antedated the limitations period.

For the reasons stated herein, summary judgment in favor of all defendants is hereby granted.

8. *See* the uncontroverted affidavits filed herein by defendants Roemer and Bothe. *And see* Johns Hopkins University v. Hutton, 297 F.Supp. 1165, 1198–1208 (D. Md.1968), aff'd in part and rev'd in part,

422 F.2d 1124 (1970), on remand, 326 F. Supp. 250 (1971), discussing standards to be used in determining whether summary judgment should be granted under Federal Rule 56(c).